

**SO ORDERED.**

**SIGNED this 12 day of August, 2014.**

_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### FAYETTEVILLE DIVISION

**IN RE:**

**SUSANNE G. SMITH,**                                    **CASE NO. 14-00310-5-DMW**

**DEBTOR.**                                                      **CHAPTER 13**

### ORDER DENYING TRUSTEE'S OBJECTION TO EXEMPTIONS

This matter comes on to be heard upon the Objection to Debtor's Claim of Exemptions ("Objection") filed by Joseph A. Bledsoe, III, Esq. ("Trustee"),[1] the Chapter 13 Trustee, and the response thereto filed by Susanne G. Smith ("Debtor").  The court conducted a hearing in Fayetteville, North Carolina on May 22, 2014.  Bruce Allen, Esq. appeared for the Debtor.  At the conclusion of the hearing, the court took the matter under advisement and gave the parties twenty days to file post-hearing memoranda of law in support of their positions.  Mr. Bledsoe and Mr. Allen submitted memoranda on June 10, 2014 and June 11, 2014, respectively.  Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

---

[1] At the time he filed the Objection, Mr. Bledsoe was acting as the Staff Attorney to Interim Chapter 13 Trustee Robert R. Browning, Esq.; however, subsequent to the filing of the Objection and prior to the hearing date, Mr. Bledsoe became the Chapter 13 Trustee in the Debtor's case on April 4, 2014.

JURISDICTION

This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

BACKGROUND

1.      The Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on January 16, 2014.

2.      On Schedule C-1 filed with the court, the Debtor claimed a $59,500.00 exemption ("Exemption") in the house and lot located at 2637 Wingate Road, Fayetteville, North Carolina, 28306 ("Property") pursuant to N.C. Gen. Stat. § 1C-1601(a)(1).

3.      The Debtor, age 71, and her late husband ("Mr. Smith"), were married in 1958 and remained married until Mr. Smith died in July, 1999.

4.      Prior to Mr. Smith's death, the Property was titled in Mr. Smith's sole name. Mr. Smith took title to the Property under a general warranty deed ("Deed") dated June 15, 1962 and recorded July 11, 1962 in the Cumberland County Registry.

5.      On the same day the Deed was recorded, the Debtor and Mr. Smith executed a promissory note ("First Note") in the amount of $9,000.00 and a deed of trust ("First DOT") in favor of Aiken Loan & Security Company. According to the Debtor, the $9,000.00 was used to purchase the Property. That testimony is substantiated by the even date of the First Note and First DOT and the recordation date of the Deed.

6.      The Debtor and Mr. Smith maintained a joint account for their income, and the Debtor made payments on the First Note by personal check.

2

7.     On August 31, 1972, the Debtor and Mr. Smith executed a second deed of trust ("Second DOT") in favor of Telco Credit Union to secure a promissory note ("Second Note") in the amount of $4,218.00.  The loan proceeds paid for a new roof for the Property.  The Debtor paid the Second Note by bi-weekly drafts from her paycheck.  Telco Credit Union is the credit union of the former Carolina Telephone and Telegraph Company which was the Debtor's employer.

8.     Mr. Smith's Last Will and Testament, executed July 6, 1990, states "My wife, Susanne Smith and I own [the Property] as tenants by the entirety and should my wife survive me, she will acquire full and complete title to the same by operation of law."

DISCUSSION

1.     Rule 4003(c) of the Federal Rules of Bankruptcy Procedure places the burden on the Trustee to prove the Debtor's exemption is not properly claimed.

2.     "[E]xemption laws should be liberally construed in favor of the exemption." *In re Foster*, 348 B.R. 58, 60 (Bankr. E.D.N.C. 2006) (quoting *In re Cain*, 235 B.R. 812, 816 (Bankr. M.D.N.C. 1998)).

3.     N.C. Gen. Stat. § 1C-1601(a)(1) sets a $35,000.00 limit to a debtor's exemption in the real or personal property the debtor uses as a residence, unless the debtor is unmarried and is 65 or older, in which case the debtor may claim an exemption up to $60,000.00 "so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased."

4.     In the Objection, the Trustee asserts that because there is no indication the Debtor had an ownership interest in the Property prior to Mr. Smith's death, the $60,000.00 exemption

provided in N.C. Gen. Stat. § 1C-1601(a)(1) is not available to the Debtor, and the Exemption should thus be limited to $35,000.00.

5.      Under North Carolina law enacted in 1982, a tenancy by the entireties is created upon a conveyance of real property to a husband and wife "unless a contrary intention is expressed in the conveyance." N.C. Gen. Stat. § 39-13.6(b).  Although Mr. Smith took title to the Property prior to the enactment of N.C. Gen. Stat. § 39-13.6(b), the statute would nevertheless be informative in determining the Debtor's exemption if she had been listed on the Deed.

6.      The general rule of law is that if only one spouse is named as grantee on a deed, a tenancy by the entireties is not created, regardless of whether the grantee was legally married at the time of the conveyance. *United States v. 1999 Starcraft Camper Trailer*, 2006 U.S. Dist. LEXIS 76839, at *7 (M.D.N.C. Oct. 10, 2006) (citing *Ingram v. Easley,* 227 N.C. 442, 444, 42 S.E.2d 624, 626 (1947)); *see* N.C. Gen. Stat. § 39-13.6(b).

7.      The Debtor asserts that despite the fact she is not listed on the Deed, she and Mr. Smith held the Property as tenants by the entireties prior to his death on the basis of a constructive trust.

8.      Prior to 1982, North Carolina common law treated purchases by a husband in the name of his wife - which were presumed to be gifts - differently from purchases by a wife in the name of her husband.  If a wife took title to property in the name of her husband, a resulting trust in favor of the wife was presumed to have been formed. *Mims v. Mims*, 305 N.C. 41, 47 286 S.E.2d 779, 784 (N.C. 1982).

9.      In 1982, the North Carolina Supreme Court ruled that when a spouse provides the consideration to purchase property in the name of the other spouse, the property is presumed to be a gift to the spouse in whose name the property is titled, regardless of whether the husband or

4

the wife furnished the consideration. *Mims v. Mims*, 305 N.C. 41, 286 S.E.2d 779 (N.C. 1982). The *Mims* court ruled that such a presumption can nevertheless be overcome if a party is able to show it intended otherwise by clear, cogent and convincing evidence. *Id.* at 53, 286 S.E.2d at 787. The *Mims* decision reversed an Order granting summary judgment in favor of the wife. *Id.* at 62, 286 S.E.2d at 793. The court noted that substantial facts supported the husband's contention that he intended to hold the property in his sole name and did not intend a gift to his wife. *Id.* at 59, 286 S.E.2d at 791. Those facts were sufficient to reverse the summary judgment. *Id.* at 62, 286 S.E.2d at 793.

10.     If the Debtor had furnished the entire purchase price for the Property, the *Mims* presumption of gift standard would apply directly to the Debtor's case, and the Property would be presumed to have been a gift from the Debtor to Mr. Smith. However, *Mims* is not entirely applicable to the facts before the court because both the Debtor and her husband, not just Debtor, paid for the Property with financing under the First Note secured by the Property. Further complicating the application of *Mims* is the Debtor's payment of the Second Note directly from her wages.

11.     Regardless of the fact that the Debtor's case does not quite align with the *Mims* body of case law involving presumptive gifts, the *Mims* decision is instructive in that it directs the court to make a finding based on the general common law principle of intent. "The primary focus of our common law rules is to determine beneficial ownership of property acquired during marriage by giving effect to what was intended at the time the property was acquired." 305 N.C. at 54, 286 S.E.2d at 788.

12.    North Carolina's "common law rules are designed to resolve not only property disputes between spouses upon dissolution of marriage but also disputes involving, for example, the heirs of a deceased spouse whose marriage was intact at death." *Id.*

13.    The Debtor testified that she and Mr. Smith purchased the Property because they wanted a permanent home for themselves and their unborn child.  At no time did the Debtor intend that her portion of payments on the First Note and Second Note were to effectuate a gift to Mr. Smith.  Both she and Mr. Smith believed, from the date of conveyance forward, that the Property belonged to them both, as husband and wife.  The First DOT, executed by both Mr. Smith and the Debtor, was dated and recorded on the same day that the Deed was recorded.  The acquisition of the Property was facilitated by the Debtor pledging her marital interest as security for the First Note.  These events are consistent with entireties ownership.

14.    The court finds, based on the Debtor's credible testimony, that it was both the intent of the Debtor and Mr. Smith that title to the Property be taken by the Debtor and Mr. Smith as tenants by the entirety.

15.    Further, the same result should be reached out of consideration for the equities of the parties.  Mr. Smith believed at the time he executed his Last Will and Testament that he and the Debtor held the Property as tenants by the entirety.  The Debtor built equity in the Property by making mortgage payments, including payments on the Second Note which were drafted directly from her salary.  She has paid for upkeep of the Property and for *ad valorem* taxes since 1962.

16.    Based upon the facts and application of law, the Debtor is entitled to the application of the $60,000.00 exemption under N.C. Gen. Stat. § 1C-1601(a)(1); now therefore,

It is ORDERED, ADJUDGED and DECREED that the Trustee's Objection to Debtor's Claim of Exemptions is hereby overruled and the Debtor's Exemption of $59,500.00 in the Property is hereby allowed.

END OF DOCUMENT